JAMES F. NUNO, Appellant, *v.* NUGENT CONSTRUCTION CORPORATION, Respondent.

*Pleading — motion for summary judgment.*

*Nuno* v. *Nugent Construction Corpn.*, 208 App. Div. 739, affirmed. (Argued May 20, 1924; decided June 6, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 11, 1924, which reversed an order of Special Term granting a motion by plaintiff for summary judgment. The action was to recover a balance alleged to be due for work done and materials furnished. The answer denied some of the allegations of the complaint and set up a separate defense of payment in full.

The following question was certified: " Is the plaintiff in this case entitled to summary judgment under rule 113 of the Rules of Civil Practice? "

*Charles S. Yawger* for appellant.
*William F. Kimber* for respondent.

Order affirmed, with costs; question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

SAMUEL BAKER et al., Respondents, *v.* JOHN CARLSON, Appellant.

*Contract — lease — specific performance — action to compel specific performance of alleged contract to lease real property.*

*Baker* v. *Carlson*, 207 App. Div. 868, affirmed.
(Argued May 21, 1924; decided June 6, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 28, 1923, modifying and affirming as modified a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term directing that the defendant specifically perform an alleged agreement for a lease upon a motion picture theatre, and that

the defendant deliver to the plaintiffs possession of the premises, and that the premises be impressed with a lien of a lease for a period of five years with an option of renewal for a further period of five years, and directing that a money judgment be entered against the defendant for damages and costs and that the counterclaim of defendant for alleged breach of contract be dismissed.

*Julius S. Belfer* and *Charles J. Belfer* for appellant.
*Jacob M. Friedman* and *Herman Strizver* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

GRAZELDA GREAVES et al., Respondents, *v.* JUSTINA HUSBAND, Appellant.

*Equity — false representations — real property — action to compel reconveyance of real property.*

*Greaves* v. *Husband*, 208 App. Div. 787, modified.
(Argued May 21, 1924; decided June 6, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 21, 1924, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term. The action was to compel a reconveyance to the plaintiffs of their interests in certain real property theretofore conveyed by them to their sister, the defendant. The property in question was left by their mother, who died intestate. It was alleged that plaintiffs were induced by false statements of their spiritual and business adviser to transfer their interests in the property.

*Julius S. Belfer* and *Charles J. Belfer* for appellant.
*Thomas L. Higgins* for respondents.

Judgments modified by providing that as a condition of reconveyance by defendant there be allowed her any amount due for carrying charges against said premises, to be determined on an accounting, and that either party